Kevin R. Anderson (4786)
Jocelyn J. Rick (9508)
Kellie K. Nielsen (11416)
OFFICE CHAPTER 13 TRUSTEE
405 South Main St., Suite 600
Salt Lake City, UT 84111
Telephone:   (801) 596-2884
Facsimile:    (801) 596-2898
Email: kratrusteemail@ch13kra.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| In re:<br><br>   GLYNN BEDFORD DAVIS<br>   CHANTEL MARIE DAVIS<br><br>Debtors. | Case No. 10-25573<br><br>Chapter 13<br><br>*FILED ELECTRONICALLY*<br><br>Judge Judith A. Boulden<br><br>(Confirmation Hearing:  *07/13/10 at 2:00 PM*) |
|---|---|

### TRUSTEE'S OBJECTION TO CONFIRMATION

Kevin R. Anderson, Chapter 13 Trustee, hereby objects to confirmation of the Debtors' plan and in support thereof represents as follows:

1. This is a below-median case and the Debtors' plan provides for payments of $171.00 to return 0% to nonpriority unsecured creditors.

2. The payment advices required by § 521(a)(1)(B)(iv) show <u>less</u> income than is reported on Schedule I.

3. The Debtors are not complying with the disposable-income test of § 1325(b)(1)-(2) because the plan proposes to retain and pay for luxury collateral that is not reasonably necessary for the Debtors' maintenance and support.  It is not realistic that a family of four will spend $0.00 in recreation for three to five years so that the Debtors can retain a dirtbike.

2

       4.       The plan appears to improperly classify a secured claim as a "910-vehicle" claim that is not subject to § 506 (see § 1325(a)(9). The plan should be amended to classify the claim as a general secured claim.

       5.       The Debtors were in a previous Chapter 13 bankruptcy case 10-20654 which was dismissed April 19, 2010. The Debtors were entitled to receive their 2009 tax refunds *after* the filing of the previous bankruptcy totaling $5,035 which should have been paid into creditors of that case; however, the Debtors spent the refunds while in that case. The Trustee requests that the Debtors provide a full accounting of how the refunds were spent as the refunds were almost 50% of their entire gross income for 2009.

       6.       The Trustee questions why this case will be successful when it appears that the Debtors are making less money and could not live on the previous budget.

       THEREFORE, the Trustee objects to confirmation of the Debtors' plan. If the Debtors are unable to resolve the Trustee's objection by the confirmation hearing, the Trustee will move to dismiss or convert this case.

       DATED: June 11, 2010.

                                            JR/s/
                                  Kevin R. Anderson, Esq.
                                  Standing Chapter 13 Trustee

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 11, 2010, a true and correct copy of the foregoing paper was served electronically via CM/ECF to the persons listed below.

> ROBERT S. PAYNE
> ECF NOTIFICATION

The undersigned hereby certifies that on June 11, 2010, a true and correct copy of the foregoing paper was addressed to the following persons and deposited in the U.S. Mail, first-class postage prepaid.

> GLYNN BEDFORD DAVIS
> CHANTEL MARIE DAVIS
> 986 WEST 1600 SOUTH
> PAYSON, UT 84651

/s/
Office Chapter 13 Trustee